UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY RAY SPENCER,

        Petitioner,                        Case Number: 03-73828

v.                                          HONORABLE PAUL D. BORMAN

KURT JONES,

        Respondent.
                                     /

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
OR RELIEF FROM JUDGMENT**

Petitioner Timothy Ray Spencer filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 24, 2004, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Now before the Court is Petitioner's Motion for Reconsideration or Relief from Judgment.

In his motion, Petitioner seeks both relief from judgment under Federal Rule of Civil Procedure 60(b)(1) and reconsideration under Eastern District of Michigan Local Rule 7.1(g)(3). Fed. R. Civ. P. 60(b)(1) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . .

"Relief may be granted under this subsection only where a party has made an excusable litigation mistake, an attorney has acted without authority, or a judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 489-90 (6th Cir. 2000). In this context, "mistake" encompasses legal errors. *See Barrier v. Beaver,* 712 F.2d 231, 233-34 (6th Cir. 1983).

Local Rule 7.1(g)(3) provides that, in a motion for rehearing or reconsideration, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004) (Gadola, J.). Local Rule 7.1(g)(3) further provides that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."

Petitioner argues that the Court should grant reconsideration or relief from judgment because he filed a Motion for Evidentiary Hearing regarding his claims of ineffective assistance of trial and appellate counsel, which motion the Court never expressly adjudicated. Petitioner is correct that the Court did not enter a formal ruling denying his Motion for Evidentiary Hearing. However, this neither constitutes a "palpable defect" nor was it based upon a substantive mistake of law or fact entitling Petitioner to reconsideration.

Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part:

> [A]fter the answer and the transcript and record of state court proceedings are filed, [the Court] shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

The Court concluded, after careful consideration of the answer and state court record, that an evidentiary hearing was not necessary to resolve Petitioner's claims and proceeded to address those claims in its Opinion and Order Denying Petition for Writ of Habeas Corpus.

Plaintiff fails to demonstrate that the Court's decision was based upon a palpable defect by which the Court was misled or upon a substantive mistake of law or fact.

The Court, therefore, DENIES Petitioner's Motion for Reconsideration or Relief from Judgment.

SO ORDERED

            s/Paul D. Borman
            PAUL D. BORMAN
            UNITED STATES DISTRICT JUDGE

Dated: June 7, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 7, 2005.

            s/Jonie Parker
            Case Manager